**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: LEO C. LOEVNER,
Debtor.

LEO C. LOEVNER,
Debtor-Appellant,

No. 97-2568

v.

LUCIUS LAMAR; JEANNE C. MURPHY;
D. & J. OSTROWSKY,
Claimants-Appellees,

GREY HODNETT, Trustee,
Trustee-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CA-97-899-A, CA-97-919-A, BK-95-11782-SSM)

Argued: October 30, 1998

Decided: December 1, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
STAMP, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Edgar Jones, Fairfax, Virginia, for Appellant. Lawrence Thomas Brooke, Fairfax, Virginia; Bernard Fensterwald, III, Vienna, Virginia, for Appellees. **ON BRIEF:** Mark A. Bayer, Washington, D.C., for Appellee Hodnett.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leo C. Loevner appeals an order of the district court affirming United States Bankruptcy Judge Stephen S. Mitchell's dismissal of appellant's petition pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, et seq. Finding no error in the district court's opinion, we affirm.

I.

Appellees, Greg Hodnett, Lucius Lamar, Jeanne C. Murphy and David Ostrowski ("Creditors"), were customers of Loevner who worked as an investment advisor. After Loevner lost certain money that the Creditors had entrusted to him, the Creditors each filed suit against Loevner in the Circuit Court of Fairfax County, Virginia. In 1992, the circuit court rendered judgments in favor of each creditor. In 1993, Loevner filed for bankruptcy pursuant to Chapter 7, seeking discharge of all of his debts. The Creditors instituted adversary proceedings to establish that the state court judgments were not dischargeable. United States Bankruptcy Judge Douglas O. Tice, Jr. ruled that the judgments were not dischargeable debts. In 1994, Judge Tice issued separate orders in each creditor's case. Each order excepted from discharge the amount of the applicable state court judgment. Those amounts totaled $213,645.50.

2

In 1995, Loevner filed Chapter 13 proceedings and the Creditors filed proofs of claims. Those claims included interest amounts that had accrued from the time the state court judgments were rendered. Those claims totaled $309,870.19. Loevner objected to those amounts and United States Bankruptcy Judge Stephen S. Mitchell overruled the objections and dismissed the Chapter 13 petition because under Chapter 13 bankruptcy, a debtor may not owe more than $250,000 in non-contingent, liquidated, unsecured claims on the date the petition was filed. 11 U.S.C. § 109(e). Judge Mitchell found that the claims should be allowed in the amounts as stated. United States District Judge T.S. Ellis, III, affirmed Judge Mitchell's decision.

Noting that "interest is an integral part of a non-dischargeable debt under Section 523 of the Bankruptcy Code . . . ." (J.A. at 117), the district court found that Judge Mitchell had construed Judge Tice's orders correctly and likewise found that Judge Tice had not entered new judgments but simply refused to discharge existing judgments that included interest dating from the date of the state court judgment.

Both parties to this appeal agree that the Creditors are entitled to post-judgment interest as a part of the non-dischargeable debt. The parties dispute whether that interest began to accrue from the date of the state court judgments or from the date of Judge Tice's orders. Loevner urges this Court to find that Judge Tice entered new judgments and because he did not expressly state that the state court judgments "plus interest" were excepted from discharge, post-judgment interest accrued from the date of Judge Tice's orders and not the date of the state court Chapter 13 bankruptcy because he would not owe more than $250,000 in non-contingent, liquidated, unsecured claims on the date the petition was filed.

It is clear to this Court after reviewing the record in this matter that the bankruptcy court did not enter new judgments against Loevner; rather, it simply refused to discharge existing judgments. The bankruptcy court's memorandum opinions and orders referred to excepting from discharge the individual state court judgments. Moreover, with respect to Hodnett's claims, Judge Tice noted that the state court judgment had been partly satisfied which indicates that the bankruptcy court was simply refusing to discharge the judgment as opposed to entering a new judgment. With respect to the claims of

3

Lamar, Murphy, and Ostrowski, the bankruptcy court noted that because the judgments were excepted from discharge pursuant to Section 523(a)(4) of the Bankruptcy Code that attorney's fees and other ancillary costs were appropriately included in the proofs of claims. These considerations indicate that it was the state court judgment as it existed that the bankruptcy court refused to discharge and that the court was not entering new judgments. This Court also finds that post-judgment interest from the date of the state court judgments was properly included in the claims filed in the Chapter 13 proceedings.

Jennen v. Hunter (In re Hunter), 771 F.2d 1126 (8th Cir. 1985), upon which Loevners relies, does not compel a different result. Loevner argues that Jennen stands for the proposition that if a creditor fails to assert its entitlement to interest on a non-dischargeable debt before the bankruptcy court, the creditor foregoes its entitlement to such interest. Under this rationale, according to Loevner, the Creditors have foregone that interest which accrued from the date of the state court judgments to the date of the judgments rendered by Judge Tice because they failed to seek that interest in the bankruptcy proceedings. Had the court in Jennen decided this issue, Loevner's argument might be persuasive. However, the court "decline[d] to reach or decide this claim [which was] raised for the first time on appeal" and remanded the issue to the bankruptcy court. 771 F.2d at 1132.

As previously noted, the district court found that the bankruptcy court had not entered new judgments against Loevner but merely found that existing judgments plus interest accrued thereon were non-dischargeable. This Court finds no error in that ruling.

II.

We have carefully considered the briefs and oral argument of the parties and those portions of the record pertinent to the various arguments. Having done so, we find no reversible error in the opinion and decision of the district court. Accordingly, we affirm on the reasoning of the district court.

AFFIRMED

4